United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARK SMITH, | Case No. 22-cv-03093-LB |
| Plaintiff, | **ORDER SCREENING COMPLAINT WITH LEAVE TO AMEND** |
| v. | Re: ECF No. 1 |
| ARLENE HENRY, et al., | |
| Defendants. | |

**INTRODUCTION**

The plaintiff, who represents himself and is proceeding in forma pauperis, sued Arlene Henry, Jones Memorial Homes Inc., "Rosie," and Alton Management Corp., alleging that the defendants are preventing him from accessing his mail. He claims violations of 18 U.S.C. § 1701, a federal criminal statute, and seeks a preliminary injunction and punitive damages.[1] Before directing the United States Marshal to serve the defendants with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The court can decide the matter without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The plaintiff has not plausibly pleaded a claim. He may submit an amended

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

1    complaint by July 8, 2022, if he can cure the deficiencies identified in this order. If he does not, the

2    court may recommend dismissal of the complaint.

3

4                                        **STATEMENT**

5        The complaint is mainly about Ms. Henry's preventing the plaintiff from accessing his mail. Ms.

6    Henry, a manager at the Jones Memorial Home, apparently has the keys to new mailboxes that were

7    installed in the plaintiff's apartment building. (She may be the plaintiff's landlord.)[2] The plaintiff

8    alleges that on May 7, 2022, he went to the memorial home and asked Rosie (an "administrative"

9    employee) for a key. Rosie told him that Ms. Henry had the keys and that he should come back the

10   next day. He did so, and Rosie told him that Ms. Henry had advised her not to give him a key. He

11   then called the San Francisco police, who came to the memorial home but ultimately told him that

12   they would take no action because it was not a criminal matter.[3]

13       In another incident, Ms. Henry allegedly threatened the mail carrier who delivers mail to the

14   plaintiff's apartment building, telling the carrier that if she saw the carrier on camera giving the

15   plaintiff his mail, she would report the carrier to the Postal Service.[4]

16       The defendants were also involved in a "very contentious" eviction proceeding against the

17   plaintiff that was dismissed by the San Francisco County Superior Court.[5] And the defendants

18   previously "illegally changed the locks" on the door to the plaintiff's apartment.[6]

19       The complaint asserts 18 U.S.C. § 1701, a criminal statute that prohibits obstruction of the mails,

20   as the basis for jurisdiction.[7] The plaintiff consented to magistrate-judge jurisdiction.[8]

21

22

23   _____

24   [2] *Id.* at 2, 4–5.

     [3] *Id.* at 4–5.

25   [4] *Id.*

26   [5] *Id.* at 5; Order, Ex. A to *id.* – ECF No. 1 at 7–11.

     [6] Compl. – ECF No. 1 at 5.

27   [7] *Id.* at 3.

28   [8] Consent – ECF No. 6.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANALYSIS

### 1. Legal Standard

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory, sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

United States District Court
Northern District of California

1   When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that

2   a district court should grant leave to amend even if no request to amend the pleading was made,

3   unless it determines that the pleading could not possibly be cured by the allegation of other facts."

4   *Lopez*, 203 F.3d at 1130 (cleaned up).

5

6   **2. Application**

7   There is no federal jurisdiction over the plaintiff's complaint.

8   Federal courts are courts of limited jurisdiction. *E.g., Owen Equip. & Erection Co. v. Kroger*,

9   437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

10  unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville*

11  *Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The plaintiff bears the burden

12  of proving that his case is within federal jurisdiction. *See, e.g., In re Ford Motor Co./Citibank*

13  *(S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*,

14  298 U.S. 178, 189 (1936)).

15  First, the criminal statutes do not provide private rights of action or convey jurisdiction in civil

16  actions. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citation omitted); *Sepehry-Fard v.*

17  *Bank of N.Y. Mellon, N.A.*, No. 12-cv-1260-LHK, 2012 WL 4717870, at *4 (N.D. Cal. Oct. 2,

18  2012). Thus, there is no federal-question jurisdiction.

19  Second, there is no other basis for federal jurisdiction, such as diversity jurisdiction. For

20  diversity jurisdiction, the plaintiff must be a citizen of a different state than the defendants, and he

21  is not because all parties reside in California.[9] *See* 28 U.S.C. § 1332.

22

23                                    **CONCLUSION**

24  The deficiencies in the plaintiff's complaint are that the court does not have subject-matter

25  jurisdiction, and he does not state a claim. The plaintiff's claims are at best state claims against the

26  defendants. The plaintiff may file an amended complaint against the defendants if he can cure the

27

28  _____
    [9] Compl. – ECF No. 1 at 1–2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

complaint's deficiencies — but candidly, it is unlikely that he can. The deadline to file that amended complaint is July 8, 2022. Alternatively, by July 8, 2022, the plaintiff may file a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice to his filing a lawsuit in state court with any state claims that he might raise against the defendants.

If the plaintiff does not file an amended complaint or a notice of dismissal by July 8, 2022, the case will be reassigned with the court's recommendation that the case be dismissed for lack of federal subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 17, 2022

_____
LAUREL BEELER
United States Magistrate Judge