1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

11    MARK SMITH,                          Case No. 22-cv-03093-LB

12                    Plaintiff,           **ORDER SCREENING AMENDED**
                                           **COMPLAINT WITH LEAVE TO**
13            v.                           **AMEND**

14    ARLENE HENRY, et al.,                Re: ECF No. 12

15                    Defendants.

16

17                              **INTRODUCTION**

18        The plaintiff, who represents himself and is proceeding in forma pauperis, sued Arlene Henry,

19    Jones Memorial Homes Inc., "Rosie," and Alton Management Corp., alleging that the defendants are

20    preventing him from accessing his mail.[1] The undersigned initially screened the plaintiff's complaint

21    with leave to amend because the criminal statutes do not provide private rights of action or convey

22    jurisdiction in civil actions.[2] On July 11, 2022, the plaintiff filed an amended complaint that does not

23    allege facts but asserts claims under 42 U.S.C. § 1983 and the Department of Housing and Urban

24    Development (HUD) Model Lease.[3] Before directing the United States Marshal to serve the

25    _____

26    [1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations
      are to the ECF-generated page numbers at the top of the documents.

27    [2] Order – ECF No. 8.

28    [3] Am. Compl. – ECF No. 12.

United States District Court
Northern District of California

defendants with the amended complaint, the court must screen it for minimal legal viability.[4] 28 U.S.C. § 1951(e)(2)(B). The court can decide the matter without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The plaintiff has not plausibly pleaded a claim. He may submit a second amended complaint by September 13, 2022, if he can cure the deficiencies identified in this order. If he does not, the court may recommend dismissal of the case.

## STATEMENT

The amended complaint alleges no facts; the facts are those from the plaintiff's initial complaint.[5]

The crux of the complaint was that Ms. Henry is preventing the plaintiff from accessing his mail. Ms. Henry, a manager at the Jones Memorial Home, apparently has the keys to new mailboxes that were installed in the plaintiff's apartment building. (She may be the plaintiff's landlord.)[6] The plaintiff alleges that on May 7, 2022, he went to the memorial home and asked Rosie (an "administrative" employee) for a key. Rosie told him that Ms. Henry had the keys and that he should come back the next day. He did so, and Rosie told him that Ms. Henry had advised her not to give him a key. He then called the San Francisco police, who came to the memorial home but ultimately told him that they would take no action because it was not a criminal matter.[7]

In another incident, Ms. Henry allegedly threatened the mail carrier who delivers mail to the plaintiff's apartment building, telling the carrier that if she saw the carrier on camera giving the plaintiff his mail, she would report the carrier to the Postal Service.[8]

---

[4] The plaintiff has already served various documents, including the amended complaint, on the defendants by mail. Certificates of Serv. – ECF Nos. 15–17. But the service-by-mail was not with acknowledgement of receipt, and no summons was served, as required to make the service effective under California law and Federal Rule of Civil Procedure 4(e) & (h). Cal. Civ. Proc. Code § 415.30.

[5] Compl. – ECF No. 1; Am. Compl. – ECF No. 12.

[6] Compl. – ECF No. 1 at 2, 4–5.

[7] *Id.* at 4–5.

[8] *Id.*

United States District Court
Northern District of California

The defendants were also involved in a "very contentious" eviction proceeding against the plaintiff that was dismissed by the San Francisco County Superior Court.[9] And the defendants previously "illegally changed the locks" on the door to the plaintiff's apartment.[10]

The amended complaint has three claims: one for a violation of 42 U.S.C. § 1983, and two for violations of the HUD Model Lease.[11] Based on these claims, the amended complaint asserts federal-question jurisdiction.[12] The amended complaint asks for punitive damages, injunctive relief, and a temporary restraining order for the plaintiff "to receive a key to the mailbox."[13] The plaintiff consented to magistrate-judge jurisdiction.[14]

## ANALYSIS

### 1. Legal Standard

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory, sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of

---

[9] *Id.* at 5; Order, Ex. A to *id.* – ECF No. 1 at 7–11.

[10] Compl. – ECF No. 1 at 5.

[11] Am. Compl. – ECF No. 12 at 2–4.

[12] *Id.* at 1–2.

[13] *Id.* at 4.

[14] Consent – ECF No. 6.

United States District Court
Northern District of California

judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to

United States District Court
Northern District of California

relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

## 2. Application

The plaintiff brings claims for (1) violation of 42 U.SC. § 1983 (against all defendants), (2) violation of the HUD Model Lease by failing to maintain equipment and appliances in safe and working order (against Jones Memorial Homes and Alton Management Corporation), and (3) violation of the HUD Model Lease by changing the plaintiff's lease (by denying him mail access)

1   without notifying him (against Jones Memorial Homes and Alton Management Corporation).[15]

2   The claims are not plausibly pleaded and do not establish federal jurisdiction.

3       Federal courts are courts of limited jurisdiction. *E.g.*, *Owen Equip. & Erection Co. v. Kroger*,

4   437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

5   unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville*

6   *Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The plaintiff bears the burden of

7   proving that his case is within federal jurisdiction. *See, e.g., In re Ford Motor Co./Citibank (S.D.)*,

8   *N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298

9   U.S. 178, 189 (1936)).

10      First, the amended complaint does not include any facts. An "amended pleading [must] be

11   complete in itself and not incorporate by reference allegations or exhibits in the original pleading."

12   *Gutierrez v. Wells Fargo Bank*, No. C 08-05586 SI, 2009 WL 1068959, at *1 (N.D. Cal. Apr. 20,

13   2009) (citing N.D. Cal. Civ. L.R. 10-1). The plaintiff provided a detailed summary of the purposes

14   behind § 1983.[16] But in any second amended complaint, the plaintiff must describe what happened

15   to him, as he did in the initial complaint.

16      Second, even the facts alleged in the initial complaint do not state a claim for relief under §

17   1983. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that

18   they were deprived of a right secured by the Constitution or laws of the United States, and that the

19   alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*,

20   526 U.S. 40, 49–50 (1999). "The 'under color of state law' requirement is an essential element of

21   a § 1983 case, and it is the plaintiff's burden to establish this element." *Duenas v. Freitas*, No. C

22   13-0836 SBA, 2013 WL 3298249, at *5 (N.D. Cal. June 28, 2013) (citing *Lee v. Katz*, 276 F.3d

23   550, 553–54 (9th Cir. 2002)). "Purely private conduct, no matter how wrongful, is not covered

24   under § 1983." *Id.* (citing *Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974)). The

25   conduct of private actors constitutes state action only where there is "such a close nexus between

26

27   _____
    [15] Am. Compl. – ECF No. 12 at 2–4.

28   [16] *Id.* at 2.

United States District Court
Northern District of California

the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself," such as when a private actor "is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (cleaned up).

The facts in the initial complaint do not plead (1) a plausible constitutional claim, or (2) that the defendants were acting under color of state law. To the extent the plaintiff implies that the defendants are acting under color of state law because they receive federal funding, "numerous courts in this District have found that the receipt of HUD or other federal funds is insufficient to establish that landlords acted under color of state law in making housing decisions." *Atterbury v. Sanchez*, Case No. CV 11-4932 SI, 2012 WL 3638571, at *6 (N.D. Cal. Aug. 22, 2012).

Third, the HUD Model Lease does not confer federal-question jurisdiction here. The plaintiff does not allege how the HUD Model Lease is relevant to the lease he has with his landlord, but even assuming that the plaintiff's lease is federally regulated, the fact "that a contract is governed by a specific federal statutory and regulatory scheme does not in and of itself confer jurisdiction." *Quillinan v. Papavassiliou*, No. C 12-04159 CRB, 2013 WL 428604, at *3 (N.D. Cal. Feb. 1, 2013) (citing *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1031 (9th Cir. 2011)). Where the plaintiff does not "plead any irregularities as between the alleged leaseholder . . . , the lessors . . . , and the federal government," and instead "resolution of the dispute . . . turn[s] on the interpretation of language in the Model Lease," a claim asserted under a federal model lease does not raise a federal question. *Id.* at *3–4 (quoting *K2 Am. Corp.*, 653 F.3d at 1032).

Fourth, there is no other basis for federal jurisdiction, such as diversity jurisdiction. For diversity jurisdiction, the plaintiff must be a citizen of a different state than the defendants, and he is not because all parties reside in California.[17] *See* 28 U.S.C. § 1332.

---

[17] Compl. – ECF No. 1 at 1–2 (the amended complaint does not allege the parties' residence or citizenship).

United States District Court
Northern District of California

1    Finally, because the plaintiff has not established federal jurisdiction, the court also denies his

2    request for a temporary restraining order.

3

4                                    **CONCLUSION**

5    The deficiencies in the plaintiff's amended complaint are that the claims are not plausibly

6    pleaded and do not establish federal jurisdiction. The plaintiff may file a second amended

7    complaint against the defendants if he can cure the amended complaint's deficiencies — but

8    candidly, it is unlikely that the plaintiff can establish federal jurisdiction. His other option is to file

9    his lawsuit in state court.

10   The deadline to file that second amended complaint is September 13, 2022. Alternatively, by

11   September 13, 2022, the plaintiff may file a one-page notice of voluntary dismissal, which will

12   operate as a dismissal without prejudice to his filing a lawsuit in state court with any state claims

13   that he might raise against the defendants. If the plaintiff does not file a second amended

14   complaint or a notice of dismissal by September 13, 2022, the case will be reassigned with the

15   court's recommendation that it be dismissed.

16   This resolves ECF No. 12.

17   **IT IS SO ORDERED.**

18   Dated: August 23, 2022

19   _____

20   LAUREL BEELER
     United States Magistrate Judge

21

22

23

24

25

26

27

28

United States District Court
Northern District of California