UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARK SMITH, | Case No. 22-cv-03093-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| ARLENE HENRY, et al., | Re: ECF No. 39 |
| Defendants. | |

The plaintiff, who represents himself and is proceeding in forma pauperis, sued Arlene Henry, Jones Memorial Homes Inc., "Rosie," and Alton Management Corp., alleging that the defendants are preventing him from accessing his mail. Liberally construed, the operative complaint claims violations of federal statutes regarding the mail, breach of contract, violation of the HUD Model Lease for Subsidized Housing, breach of the covenant of quiet enjoyment, and violation of the Fair Housing Act.[1] The defendants moved to dismiss the complaint for failure to state a claim and lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[2] The court previously granted the motion on the ground that the federal claims were not plausibly

---

[1] Second Am. Compl. (SAC) – ECF No. 22. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 39.

ORDER – No. 22-cv-03093-LB

pleaded and the court thus did not have supplemental jurisdiction over any state claims. The court also ordered supplemental briefing on the status of the parties' then-ongoing eviction proceeding in state court.[3]

The defendants then filed their supplemental brief. They point out that the parties entered into a settlement agreement under which the plaintiff was to vacate the premises by September 29, 2023, and that on October 19, 2023, the San Francisco County Superior Court issued a judgment of possession against the plaintiff. The defendants thus contend that the plaintiff cannot plausibly plead any federal claim and that the *Rooker-Feldman* doctrine bars his claims.[4] The plaintiff's responsive brief was due on November 2, 2023, but was not filed.

First, the *Rooker-Feldman* doctrine does not apply because this case was commenced before the state-court proceedings ended and concerns alleged injuries that weren't caused by the state-court judgment. *Dang v. Oakland Police Dep't*, No. C 13-4155 PJH, 2014 WL 793613, at *7 (N.D. Cal. Feb. 26, 2014) (the "*Rooker-Feldman* doctrine bars 'cases brought by state-court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments'") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Second, the issue then is whether the plaintiff's remaining federal claims (for violations of a HUD lease and the Fair Housing Act) are viable.

As a matter of subject-matter jurisdiction, the plaintiff's claim for an injunction is rendered moot by the state-court judgment of possession. *Harris v. Itzhaki*, 183 F.3d 1043, 1050 (9th Cir. 1999).

As for any claims for monetary damages, the HUD-lease claim is not viable for the reasons explained in the prior order. (The plaintiff did not submit any lease as ordered by that order, and in

---

[3] Order – ECF No. 66. The court incorporates that order by this reference.

[4] Defs.' Suppl. Br. – ECF No. 67; Goins Decl. – ECF No. 67-2 at 2–3 (¶¶ 5–9); Settlement Agreement, Ex. A to *id.* – ECF No. 67-2 at 4–9; Super. Ct. Order, Ex. C to *id.* – ECF No. 67-2 at 35–37.

any case the defendants submitted the only purportedly relevant lease, which was the plaintiff's mother's and never gave the plaintiff a right to possession.)[5]

The court also dismisses the Fair Housing Act claim with prejudice. For one thing, the plaintiff did not oppose the defendants' supplemental brief on the issue. Also, as the defendants contend, the plaintiff never engaged in protected activity (as required for a Fair Housing Act retaliation claim) because he was a squatter rather than a tenant.

42 U.S.C. § 3617 is the provision of the Fair Housing Act that makes it unlawful to "coerce, intimidate, threaten, or interfere with" any person exercising their rights under the Act. Courts recognize retaliation claims under § 3617. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001). To establish a claim of Fair Housing Act retaliation, a plaintiff must show (among other things) that he engaged in a protected activity. *Id.* The "protected activities" covered by § 3617 consist of exercising or enjoying, or aiding others in the exercise or enjoyment of, rights protected by other provisions of the Fair Housing Act. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). Here, the issue is whether the defendants interfered with "the provision of services or facilities in connection" with the "rental of a dwelling." 42 U.S.C. § 3604(b).

The plaintiff was not a tenant or prospective tenant, but a squatter. Thus, the defendants could not have violated § 3604(b): there was no "rental of a dwelling" or contemplation of one. There was only a denial of a mailbox to a squatter. *Lowe v. UHF Magnolia Trace LP*, No. 3:14-CV-1460-M-BK, 2015 WL 9690254, at *3 (N.D. Tex. Dec. 10, 2015) (the plaintiff was not "discriminated against in the privileges of rental because she was not a tenant"), *R. & R. adopted*, No. 3:14-CV-1460-M-BK, 2016 WL 126393 (N.D. Tex. Jan. 11, 2016). The court thus dismisses the operative complaint with prejudice.

---

[5] Order – ECF No. 66 at 7; Lease, Ex. 1 to Goins Decl. – ECF No. 39-1 at 3–15. The court considers the lease under the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

1   This disposes of ECF No. 39.

2   **IT IS SO ORDERED.**

3   Dated: November 3, 2023

_____
LAUREL BEELER
United States Magistrate Judges